ERIN E. SCHNEIDER (Cal. Bar No. 216114)
  schneidere@sec.gov
SUSAN F. LaMARCA (Cal. Bar No. 215231)
  lamarcas@sec.gov
MATTHEW G. MEYERHOFER (Cal. Bar No. 268559)
  meyerhoferm@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BENJA INCORPORATED, and ANDREW J. CHAPIN,<br><br>Defendants. | Case No. 4:20-cv-08238-JSW<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Initial CMC Date: March 5, 2021<br>Time: 11:00 A.M.<br>Location: AT&T Teleconference (call in information: 1-888-684-8852 access code: 8583698#) or, if permitted, in Courtroom 5, 2nd Floor, Federal Courthouse, 1301 Clay Street, Oakland, California. |

<u>INITIAL JOINT CASE MANAGEMENT STATEMENT</u>

The Plaintiff Securities and Exchange Commission ("SEC") and Defendant Andrew Chapin (together, "the Parties") hereby submit this initial Joint Case Management Statement:[1]

**1.     Jurisdiction and Service**:  This Court has jurisdiction over this action pursuant to Section 22(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77v(a)] and Section 27 of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78aa].  Each of the defendants has waived service of the summons.  (*See* ECF 9-10.)

**2.     Facts as Alleged in the Complaint**:  The SEC brings this civil enforcement action alleging that the defendants offered and sold securities in Benja by means of false and misleading statements claiming that Benja had generated millions of dollars in revenue from customers that included Nike, Patagonia, Fanatics, and other major consumer apparel brands.  The SEC's complaint alleges that from 2018 to 2020, Chapin claimed that Benja was a successful e-commerce startup company with a merchandise ad network.  The SEC alleges that Chapin provided prospective investors with written materials which purported to show that the above-named and other consumer brands had spent millions of dollars with Benja and made false and misleading statements to the same effect.  The SEC also alleges that Chapin arranged for one or more individuals to impersonate a representative of a venture capital firm that had purportedly invested in Benja and representatives of the companies that purportedly did business with Benja.  The alleged purpose of these impersonations was to persuade certain persons to purchase Benja securities.  The SEC also alleges that Chapin told at least one prospective investor that Benja had an exclusive e-commerce arrangement with the music streaming app Spotify.  The SEC alleges that, in reality, Benja did not have the commercial relationships that it claimed with these companies.

---

[1] Benja Incorporated ("Benja") has been placed in liquidation proceedings under Chapter 7 of the bankruptcy code. *In re Benja Incorporated*, Case No. 20-30819-DM-7 (U.S. Bankr. N.D. Cal.).  The bankruptcy trustee appointed to take control of Benja and its assets has informed the SEC that he does not intend to actively litigate the SEC's case against Benja, and the SEC does not intend to ask the Court to enter default or a default judgment against Benja while the Benja trustee complies with his mandate to identify, preserve, and recover assets.  Accordingly, while counsel for the trustee has reviewed and approved this CMC statement, Benja is not a "party" as that term is used herein.

**3. Legal Issues**:

The SEC has alleged intentional fraud in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5 and Sections 17(a)(1), (2), and (3) of the Securities Act, 15 U.S.C. §77q(a).  At this stage, it is not clear which elements of these causes of action may raise legal issues.  In addition, as set forth below, there is a criminal complaint setting forth similar conduct Chapin, which also may raise procedural or other legal issues.

**4. Motions**:

No motions have yet been filed. The SEC anticipates that if Chapin is convicted in a parallel criminal action and the SEC's case against Chapin is still pending, the SEC would move for summary judgment in this case due to the collateral effect of the conviction.

**5. Amendment of Pleadings:**

The SEC may amend its complaint to add allegations of fraud against other Benja investors. The parties propose that any amendment of pleadings be completed by June 30, 2021.

**6. Evidence Preservation**:

The SEC obtained evidence, principally in the form of document productions made by third parties, during its investigation preceding the filing of this case.  The SEC has preserved this evidence, whether in electronic or paper form, in conformity with standards of the agency and federal government requirements.

**7. Disclosures**:

The parties have agreed to make initial disclosures described in Fed. Rule Civ. Proc. 26(a) on the following schedule:

- SEC will provide Initial Disclosures no later than:  March 5, 2021.
- Chapin will provide Initial Disclosures by no later than: March 31, 2021.

**8. Discovery**:

The SEC anticipates that discovery can be completed without the need to augment the number of depositions or interrogatories beyond the numerical limitations in the rules.  The SEC also anticipates that depositions may need to be conducted by secure videos for the foreseeable future in light of the pandemic, and the SEC has been using a platform (currently, Cisco's WebEx) in other

matters with success. The SEC anticipates serving document and testimony subpoenas directed to third parties as necessary. The SEC has agreements with Chapin and Benja that discovery papers and pleadings in this matter may be served by email.

9. **Class Actions**: Not Applicable.

10. **Related Cases**: The United States Attorney's Office has filed a criminal complaint against Chapin. *United States v. Andrew Chapin*, Case 3:20-mj-71712-MAG. There is substantial overlap between the facts sworn in the criminal complaint and the SEC's allegations in this action. The SEC is not aware of any indictment or information having yet been filed against Chapin.

11. **Relief**:

The SEC seeks the following relief in this action:

- Permanent injunctions against each of the Defendants, prohibiting each of them from directly or indirectly violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].;

- Orders requiring each of the Defendants to disgorge, with prejudgment interest, all illicit trading profits, losses avoided, or other ill-gotten gains received by him, directly or indirectly, as a result of the conduct alleged in the complaint;

- Orders requiring each of the Defendants to pay civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)(3)];

- An order prohibiting Defendant Chapin from serving as an officer or director of any entity having a class of securities registered with the SEC pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)].

**12.  Settlement and ADR**:

The SEC and Chapin have engaged in preliminary discussions about the possibility of a settlement.  Counsel for the SEC and for Chapin anticipate continuing these discussions in the coming weeks in the hope of reaching an acceptable settlement of this matter.  The SEC recommends that, if Chapin remains litigating after August 31, 2021, the parties engage in a settlement conference mediated by a United States Magistrate Judge.  The SEC does not anticipate any discovery or other steps that would be a prerequisite to such a conference, but would defer to Chapin's preferences regarding the timing of a settlement conference, to best ensure his willing and active participation.

Counsel for the SEC has filed the required notice under ADR L.R. Rule 3-5.

**13.  Consent to a Magistrate Judge for All Purposes**:  The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.  Other References**:  This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of Issues / Bifurcation**:

Because the relief sought by the SEC is to be determined by the Court under principles of equity (injunctions and disgorgement) or by statute (penalties, and the requested officer and director bar), if the parties proceed to trial in this case, the issue of the appropriate remedies should be later determined after liability.  Accordingly, if a jury trial is required, then the jury would decide the issue of liability, and the Court would next hear the parties' cases on the issue of remedies (typically by motion).

**16.  Expedited Trial Procedure:**

The SEC does not believe this case is appropriate for the expedited trial procedures, principally because there is a related criminal complaint.  The SEC therefore anticipates that a trial in this case would follow a trial in the criminal case.

**17.  Scheduling**:

The SEC would propose the Court set the following pre-trial deadlines:

Dates for Disclosures of Experts:  Expert Deadline - August 27, 2021 (for any party's expert anticipated for the case-in-chief); Rebuttal Expert Deadline – September 17, 2021 (for any party's expert offered solely to rebut another party's disclosed expert)

Fact Discovery Cut-off:  February 25, 2022

Expert Discovery Cut-off:  March 4, 2022

The SEC proposes that no trial date, or final dispositive motions date, be scheduled in this case until after the conclusion of trial in Chapin's criminal case.

**18.   Trial**:

Based upon this Court's normal schedule for jury trials (9:00 a.m. to 4:30 p.m.), the SEC anticipates approximately five days of trial (excluding jury deliberations).

**19.   Disclosure of Non-Party Interested Entities:**

The SEC is not subject to the requirements of Civil Local Rule 3-15.

**20.   Professional Conduct**:

The attorneys for the represented parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Respectfully submitted,

DATED: February 26, 2021

/s/ *Matthew Meyerhofer*
Matthew Meyerhofer, Esq.
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION


/s/ *Randy Sue Pollock*
Randy Sue Pollock, Esq.
LAW OFFICES OF RANDY SUE POLLOCK
Attorney for Andrew Chapin


/s/ *Stephen D. Finestone*
Stephen D. Finestone
FINESTONE HAYES LLP
Attorney for Kyle Everett as Chapter 7 Trustee for Benja Incorporated