UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BENJA INCORPORATED, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-08238-JSW<br><br>**ORDER SCHEDULING PRETRIAL MATTERS AND VACATING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 16 |

This matter is scheduled for an initial case management conference on Friday, March 5, 2021. The Court has received and considered the parties' joint case management conference statement, and it HEREBY VACATES the case management conference. IT IS HEREBY ORDERED that the dates proposed jointly by the parties in their case management statement on page five are adopted, except as expressly modified by this Order.

It is FURTHER ORDERED as follows:

**A.　DATES**

Deadline to Amend Complaint:　June 30, 2021

Last Day for Expert Discovery:　March 4, 2022

Last Day for Initial Expert Disclosure:　August 27, 2021

Last Day for Rebuttal Expert Disclosure:　September 17, 2021

Close of Non-expert Discovery:　February 25, 2022

Last Day to participate in ADR:　February 25, 2022

Should the parties seek referral to Court-sponsored alternative dispute resolution, the parties are instructed to file a stipulation and proposed order to that effect.

It is FURTHER ORDERED that upon conclusion of the trial in Chapin's criminal case, the

parties shall file a stipulation and proposed order proposing dispositive motion and pretrial and trial deadlines.

It is FURTHER ORDERED the parties SHALL follow this Court's Guidelines for Civil Jury Trials, which sets forth the deadlines for all pretrial filings, including the exchange of and filing of motions in limine.

The parties are reminded that they shall each be allowed to file ONE motion for summary judgment. Should the parties file cross-motions for summary judgment, they shall meet and confer to determine the order of filing and only submit four briefs to the Court for its review:

1. Opening summary judgment motion;
2. Opposition and cross-motion;
3. Reply to motion and opposition to cross-motion;
4. Reply to cross-motion (filed at least two weeks prior to hearing).

**B.    DISCOVERY**

The parties are reminded that a failure voluntarily to disclose information pursuant to Federal Rule of Civil Procedure 26(a) or to supplement disclosures or discovery responses pursuant to Rule 26(e) may result in exclusionary sanctions. Thirty days prior to the close of non-expert discovery, lead counsel for each party shall serve and file a certification that all supplementation has been completed.

If the parties have discovery disputes, they shall follow the procedures set forth in this Court's Civil Standing Orders, and the Court reserves the right to refer discovery disputes to a randomly assigned Magistrate Judge.

**C.    PROCEDURE FOR AMENDING THIS ORDER**

No provision of this order may be changed except by written order of this Court upon its own motion or upon motion of one or more parties made pursuant to Civil. L. R. 7-1 upon a showing of very good cause. A motion may take the form of a stipulation and proposed order pursuant to Civil L.R. 7-1(a)(5) and Civil L.R. 7-12, but the parties may not modify the pretrial

2

schedule by stipulation without a Court order. If the modification sought is an extension of a deadline contained herein, the motion must be brought <u>before</u> expiration of that deadline. A conflict with a court date set after the date of this order does not constitute good cause. The parties are advised that if they stipulate to a change in the discovery schedule, they do so at their own risk. The only discovery schedule that the Court will enforce is the one set in this order. Additionally, briefing schedules that are specifically set by the Court may not be altered by stipulation without a Court order; rather the parties must obtain leave of Court.

**IT IS SO ORDERED.**

Dated: March 1, 2021

_____
JEFFREY S. WHITE
United States District Judge