1   ERIN E. SCHNEIDER (Cal. Bar No. 216114)
      schneidere@sec.gov
2   SUSAN F. LaMARCA (Cal. Bar No. 215231)
      lamarcas@sec.gov
3   MATTHEW G. MEYERHOFER (Cal. Bar No. 268559)
      meyerhoferm@sec.gov
4
    Attorneys for Plaintiff
5   SECURITIES AND EXCHANGE COMMISSION
    44 Montgomery Street, Suite 2800
6   San Francisco, California 94104
    Telephone:  (415) 705-2500
7   Facsimile:  (415) 705-2501

8

9

10

11

12                  UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                         OAKLAND DIVISION

15

16   SECURITIES AND EXCHANGE COMMISSION,    Case No. 4:20-cv-08238-JSW

17        Plaintiff,

18        vs.                                [PROPOSED] JUDGMENT AS TO
                                             DEFENDANT ANDREW J. CHAPIN
19   BENJA INCORPORATED, and
     ANDREW J. CHAPIN,
20
          Defendants.
21

22

23

24        The Securities and Exchange Commission ("SEC" or "Commission") having filed a

25   complaint; and Defendant Andrew J. Chapin having entered a general appearance; consented to the

26   Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this

27   Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this

28   Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**III.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l* or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and, if so, the amount of the disgorgement and/or of the civil penalty.  If disgorgement is ordered, Defendant shall pay prejudgment interest thereon based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule

56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under any judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

**VII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**VIII.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

IT IS SO ORDERED.

DATED:                              _____
                                    Jeffrey S. White
                                    UNITED STATES DISTRICT JUDGE