1  ERIN E. SCHNEIDER (Cal. Bar No. 216114)
     schneidere@sec.gov
2  SUSAN F. LaMARCA (Cal. Bar No. 215231)
     lamarcas@sec.gov
3  MATTHEW G. MEYERHOFER (Cal. Bar No. 268559)
     meyerhoferm@sec.gov
4
   Attorneys for Plaintiff
5  SECURITIES AND EXCHANGE COMMISSION
   44 Montgomery Street, Suite 2800
6  San Francisco, California 94104
   Telephone:  (415) 705-2500
7  Facsimile:  (415) 705-2501

8

9

10

11

12                          UNITED STATES DISTRICT COURT

13                        NORTHERN DISTRICT OF CALIFORNIA

14                                OAKLAND DIVISION

15

16  SECURITIES AND EXCHANGE COMMISSION,        Case No. 4:20-cv-08238-JSW

17          Plaintiff,

18          vs.                                 CONSENT OF ANDREW J. CHAPIN

19  BENJA INCORPORATED, and
    ANDREW J. CHAPIN,
20
            Defendants.
21

22

23

24          1.      Defendant Andrew J. Chapin acknowledges having been served with the complaint

25  filed by the Securities and Exchange Commission ("SEC" or "Commission") in this action, enters a

26  general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of

27  this action.

28

2.      Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this case. Specifically, in *United States v. Andrew Chapin*, Case No. 21-CR-217-MMC (N.D. Cal.), Defendant pleaded guilty to three criminal counts, which included Bank Fraud in violation of 18 U.S.C. § 1344, Wire Fraud in violation of 18 U.S.C. § 1344, and Securities Fraud in violation of 15 U.S.C. § 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5.  In connection with that plea, Defendant admitted that during 2019 and 2020, he intentionally provided materially false information to investors to secure investments in Benja Inc. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *United States v. Andrew Chapin*.

3.      Defendant hereby consents to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things, permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10-b, and Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), and prohibits Defendant from serving as an officer or director of any entity having a class of securities registered with the SEC pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C § 78o(d).

4.      Defendant agrees that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and, if so, the amount of the disgorgement and/or of a civil penalty.  The Defendant further understands that, if disgorgement is ordered, Defendant shall pay prejudgment interest thereon, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  Defendant further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised

1  in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative

2  testimony, and documentary evidence, without regard to the standards for summary judgment

3  contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the

4  Commission's motion for disgorgement and/or civil penalties, the parties may take discovery,

5  including discovery from appropriate non-parties.

6      5.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule

7  52 of the Federal Rules of Civil Procedure.

8      6.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the

9  Judgment.

10      7.      Defendant enters into this Consent voluntarily and represents that no threats, offers,

11  promises, or inducements of any kind have been made by the Commission or any member, officer,

12  employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

13      8.      Defendant agrees that this Consent shall be incorporated into the Judgment with the

14  same force and effect as if fully set forth therein.

15      9.      Defendant will not oppose the enforcement of the Judgment on the ground, if any

16  exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby

17  waives any objection based thereon.

18      10.      Defendant waives service of the Judgment and agrees that entry of the Judgment by

19  the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and

20  conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after

21  the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that

22  Defendant has received and read a copy of the Judgment.

23      11.      Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted

24  against Defendant in this civil proceeding.  Defendant acknowledges that no promise or

25  representation has been made by the Commission or any member, officer, employee, agent, or

26  representative of the Commission with regard to any criminal liability that may have arisen or may

27  arise from the facts underlying this action or immunity from any such criminal liability.  Defendant

28  waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the

imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's

entry of a permanent injunction may have collateral consequences under federal or state law and the

rules and regulations of self-regulatory organizations, licensing boards, and other regulatory

organizations.  Such collateral consequences include, but are not limited to, a statutory

disqualification with respect to membership or participation in, or association with a member of, a

self-regulatory organization.  This statutory disqualification has consequences that are separate from

any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding

before the Commission based on the entry of the injunction in this action, Defendant understands that

he shall not be permitted to contest the factual allegations of the complaint in this action.

12.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e),

which provides in part that it is the Commission's policy "not to permit a defendant or respondent to

consent to a judgment or order that imposes a sanction while denying the allegations in the complaint

or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the

defendant or respondent states that he neither admits nor denies the allegations."  As part of

Defendant's agreement to comply with the terms of Section 202.5(e),  Defendant: (i) will not take

any action or make or permit to be made any public statement denying, directly or indirectly, any

allegation in the complaint or creating the impression that the complaint is without factual basis; (ii)

will not make or permit to be made any public statement to the effect that Defendant does not admit

the allegations of the complaint, or that this Consent contains no admission of the allegations, without

also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent,

Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation

in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section

523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and

further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by

Defendant under any judgment, order, consent order, decree or settlement agreement entered in

connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws

or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the

Bankruptcy Code, 11 U.S.C. § 523(a)(19).  If Defendant breaches this agreement, the Commission

1 may petition the Court to vacate the Judgment. Nothing in this paragraph affects Defendant's: (i)

2 testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal

3 proceedings in which the Commission is not a party.

4      13.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small

5 Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from

6 the United States, or any agency, or any official of the United States acting in his or her official

7 capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs

8 expended by Defendant to defend against this action. For these purposes, Defendant agrees that

9 Defendant is not the prevailing party in this action since the parties have reached a good faith

10 settlement.

11      14.    Defendant agrees that the Commission may present the Judgment to the Court for

12 signature and entry without further notice.

13      15.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

14 purpose of enforcing the terms of the Judgment.

15

16

17 _____

18 Andrew J. Chapin

19

20 Reviewed as to Form:

21 /s/ Randy Sue Pollock

22 Randy Sue Pollock, Esq.
LAW OFFICES OF RANDY SUE POLLOCK

23 Attorney for Defendant Andrew Chapin

24 Submitted by:

25 /s/ Matthew G. Meyerhofer

26 Matthew G. Meyerhofer, Esq.
Attorney for Plaintiff

27 SECURITIES AND EXCHANGE COMMISSION

28