1 | ERIN E. SCHNEIDER (Cal. Bar No. 216114)
   schneidere@sec.gov
2 | SUSAN F. LaMARCA (Cal. Bar No. 215231)
   lamarcas@sec.gov
3 | MATTHEW G. MEYERHOFER (Cal. Bar No. 268559)
   meyerhoferm@sec.gov
4 |
   Attorneys for Plaintiff
5 | SECURITIES AND EXCHANGE COMMISSION
   44 Montgomery Street, Suite 2800
6 | San Francisco, California 94104
   Telephone: (415) 705-2500
7 | Facsimile: (415) 705-2501

8

9

10

11            UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13            OAKLAND DIVISION

14

15 | SECURITIES AND EXCHANGE COMMISSION,    Case No. 4:20-cv-08238-JSW

16 |        Plaintiff,

17 |        vs.                              CONSENT OF ANDREW J. CHAPIN TO
                                            FINAL JUDGMENT
18 | BENJA INCORPORATED, and
     ANDREW J. CHAPIN,

19 |        Defendants.

20

21

22

23

24        1.    Defendant Andrew J. Chapin acknowledges having been served with the complaint

25 filed by the Securities and Exchange Commission ("SEC" or "Commission") in this action, enters a

26 general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of

27 this action.

28

2.      Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this case. Specifically, in *United States v. Andrew Chapin*, Case No. 21-CR-217-MMC (N.D. Cal.), Defendant pleaded guilty to three criminal counts, which included Bank Fraud in violation of 18 U.S.C. § 1344, Wire Fraud in violation of 18 U.S.C. § 1344, and Securities Fraud in violation of 15 U.S.C. § 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5.  In connection with that plea, Defendant admitted that from 2018 to 2020, he intentionally provided materially false information to investors to secure investments in Benja Inc.  On December 21, 2021, a judgment in the criminal case was entered in which defendant was sentenced to a term of imprisonment of 36 months and was ordered to make restitution in the total amount of $8,069,900.  This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *United States v. Andrew Chapin.*

3.      Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10-b, and Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a); prohibits Defendant from serving as an officer or director of any entity having a class of securities registered with the SEC pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C § 78o(d); and orders Defendant liable for disgorgement in the amount of $2,635,000, with pre-judgment interest thereon in the amount of $184,692, for a total of $2,819,692, which amount is deemed satisfied by the order of restitution in the judgment in the criminal case, *United States v. Andrew Chapin, supra.*

4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.    Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under any judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that

1  Defendant is not the prevailing party in this action since the parties have reached a good faith

2  settlement.

3         13.    Defendant agrees that the Commission may present the Final Judgment to the Court

4  for signature and entry without further notice.

5         14.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

6  purpose of enforcing the terms of the Final Judgment.

7

8

9  DATED: 1/19/2022

                               Andrew J. Chapin

10

11

12  Reviewed as to Form:

13  /s/ Randy Sue Pollock
    Randy Sue Pollock, Esq.
14  LAW OFFICES OF RANDY SUE POLLOCK
    Attorney for Defendant Andrew Chapin
15

16  Submitted by:

17  /s/ Matthew G. Meyerhofer
    Matthew G. Meyerhofer, Esq.
18  Attorney for Plaintiff
    SECURITIES AND EXCHANGE COMMISSION
19

20

21

22

23

24

25

26

27

28

ERIN E. SCHNEIDER (Cal. Bar No. 216114)
  schneidere@sec.gov
SUSAN F. LaMARCA (Cal. Bar No. 215231)
  lamarcas@sec.gov
MATTHEW G. MEYERHOFER (Cal. Bar No. 268559)
  meyerhoferm@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 4:20-cv-08238-JSW |
| Plaintiff, | |
| vs. | [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT ANDREW J. CHAPIN |
| BENJA INCORPORATED, and ANDREW J. CHAPIN, | |
| Defendants. | |

The Securities and Exchange Commission ("SEC" or "Commission") having filed a complaint; and Defendant Andrew J. Chapin having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)   to employ any device, scheme, or artifice to defraud;

    (b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)   to employ any device, scheme, or artifice to defraud;

    (b)   to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or wd operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Fede Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participati with Defendant or with anyone described in (a).

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l* or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement in the amount of $2,635,000 with pre-judgment interest thereon in the amount of $184,692.22, for a total of $2,819,692, representing net profits gained as a result of the conduct alleged in the Complaint. This amount shall be deemed satisfied by the order of restitution in the criminal judgment against him in the action *United States v. Andrew Chapin*, Case No. 21-CR-217-MMC (N.D. Cal.).

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for

[PROPOSED] FINAL JUDGMENT AS TO ANDREW J. CHAPIN                3

CASE NO. 4:20-CV-08238-JSW

1  disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under any

2  judgment, order, consent order, decree or settlement agreement entered in connection with this

3  proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or

4  order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §

5  523(a)(19).

6                                               **VII.**

7             IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

8  jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

9                                               **VIII.**

10            There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

11 Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

12

13 IT IS SO ORDERED.

14

15

16

17 DATED:                                    _____

18                                           Jeffrey S. White
                                            UNITED STATES DISTRICT JUDGE
19

20

21

22

23

24

25

26

27

28