1  MONIQUE C. WINKLER (Cal. Bar No. 213031)
   winklerm@sec.gov
2  SUSAN F. LaMARCA (Cal. Bar No. 215231)
   lamarcas@sec.gov
3  MATTHEW G. MEYERHOFER (Cal. Bar No. 268559)
   meyerhoferm@sec.gov
4
   Attorneys for Plaintiff
5  SECURITIES AND EXCHANGE COMMISSION
   44 Montgomery Street, Suite 2800
6  San Francisco, California 94104
   Telephone:  (415) 705-2500
7  Facsimile:  (415) 705-2501

8

9

10                       UNITED STATES DISTRICT COURT

11                     NORTHERN DISTRICT OF CALIFORNIA

12                            OAKLAND DIVISION

13

14  SECURITIES AND EXCHANGE COMMISSION,      Case No. 4:20-cv-08238-JSW

15         Plaintiff,

16         vs.                               [PROPOSED] FINAL JUDGMENT AS TO
                                             DEFENDANT ANDREW J. CHAPIN
17  BENJA INCORPORATED, and
    ANDREW J. CHAPIN,
18
           Defendants.
19

20

21

22

23

24         The Securities and Exchange Commission ("SEC" or "Commission") having filed a

25  complaint; and Defendant Andrew J. Chapin having entered a general appearance; consented to the

26  Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this

27  Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from

28  this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**III.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l* or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement in the amount of $2,635,000 with pre-judgment interest thereon in the amount of $184,692.22, for a total of $2,819,692, representing net profits gained as a result of the conduct alleged in the Complaint. This amount shall be deemed satisfied by the order of restitution in the criminal judgment against him in the action *United States v. Andrew Chapin*, Case No. 21-CR-217-MMC (N.D. Cal.).

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for

1  disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under any

2  judgment, order, consent order, decree or settlement agreement entered in connection with this

3  proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or

4  order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §

5  523(a)(19).

**VII.**

7        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

8  jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**VIII.**

10       There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

11  Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

13  IT IS SO ORDERED.

17  DATED: April 11, 2022

_____
Jeffrey S. White
UNITED STATES DISTRICT JUDGE